# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PHILIP J. GUYLE, JR.,

    **Plaintiff,**

    v.                        CASE NO. 19-3176-SAC

(FNU) VOIGTS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Philip J. Guyle, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Counts II, III, IV, V, and VI, and Defendants Alexander, Hall, Geist and Richards, should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Court also orders the officials responsible for the operation of the Franklin County Jail to prepare a *Martinez* Report for Count I of the Complaint.

**1. Nature of the Matter before the Court**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Although Plaintiff if currently incarcerated at the Lansing Correctional Facility, the claims giving rise to his Complaint occurred while he was housed at the Franklin County Jail in Ottawa, Kansas ("FJC").

Plaintiff alleges in Count I that he was subjected to cruel and unusual punishment on March 14, 2019, when he was tazed by Defendant Voigts without being given sufficient time to surrender and while Plaintiff was behind a locked door and bars with his hands up. In Count II,

1

Plaintiff alleges that Defendant Alexander knowingly and recklessly refused to allow Plaintiff to see the onsite nurse on March 17, 2019, when Plaintiff "may have suffered a seizure." Counts III through VI allege that the grievance process and the responses to grievances were inadequate at the FJC.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1. Count II Deliberate Indifference

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Plaintiff alleges that Defendant Alexander refused to allow Plaintiff to see the onsite nurse on one occasion when Plaintiff "may have suffered a seizure." Plaintiff has failed to show that Defendant Alexander disregarded an excessive risk to his health or safety or that he was both aware of facts

4

from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims suggest, at most, negligence, and are subject to dismissal.

### 2. Counts III through VI - Grievance Procedures

Plaintiff's claims in Counts III through VI are against Defendants Hall, Geist and Richards, and are based on Plaintiff's dissatisfaction with the grievance process and his claims that these defendants failed to properly respond to his grievances. Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

### 3. Count I – Excessive Force

Plaintiff claims in Count I that Defendant Voigts tazed Plaintiff while Plaintiff was behind a locked door and bars with his hands in the air. Plaintiff alleges that he was not given sufficient

5

time to surrender. The Court finds that the proper processing of Plaintiff's excessive force claim against Defendant Voigts cannot be achieved without additional information from appropriate officials of the FCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the FCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claim under 28 U.S.C. § 1915.

### IV. Motion for Default Judgment

Plaintiff has filed a motion (Doc. 6) seeking a default judgment against Defendants. Plaintiff states that the time for responding to a motion for leave to file answer out of time has expired with no response. It is unclear what motion Plaintiff is referring to because the Defendants have not been served in this case and no motions have been filed in this case other than the motion for default judgment. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **December 23, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Counts II, III, IV, V, and VI, and Defendants Alexander, Hall, Geist and Richards, should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED** that**:**

(1) the clerk of the court shall prepare a waiver of service form for Defendant Voigts, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon Defendant at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the

Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

(2) Officials responsible for the operation of the FCJ are directed to undertake a review of the subject matter of the Complaint:

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The FCJ must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the FCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a)

and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Franklin County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant Voigts, and to the Franklin County Attorney.

**IT IS SO ORDERED**.

**Dated December 3, 2019, in Topeka, Kansas.**


<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**