# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PHILIP J. GUYLE, JR.,**

      **Plaintiff,**

      **v.**                                        **CASE NO. 19-3176-SAC**

**(FNU) VOIGTS, et al.,**

      **Defendants.**


## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  Although Plaintiff if currently incarcerated at the Lansing Correctional Facility, the claims giving rise to his Complaint occurred while he was housed at the Franklin County Jail in Ottawa, Kansas ("FCJ").

Plaintiff alleges in Count I that he was subjected to cruel and unusual punishment on March 14, 2019, when he was tazed by Defendant Voigts without being given sufficient time to surrender and while Plaintiff was behind a locked door and bars with his hands up.   In Count II, Plaintiff alleges that Defendant Alexander knowingly and recklessly refused to allow Plaintiff to see the onsite nurse on March 17, 2019, when Plaintiff "may have suffered a seizure."  Counts III through VI allege that the grievance process and the responses to grievances were inadequate at the FCJ.

On December 3, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), directing Plaintiff to show cause why Counts II, III, IV, V, and VI, and Defendants Alexander, Hall, Geist and Richards, should not be dismissed due to the deficiencies

in Plaintiff's Complaint. Plaintiff has filed a Response (Doc. 7) which fails to address the deficiencies set forth in the MOSC.

Plaintiff alleges that Defendant Alexander refused to allow Plaintiff to see the onsite nurse on one occasion when Plaintiff "may have suffered a seizure." In the MOSC, the Court found that Plaintiff has failed to show that Defendant Alexander disregarded an excessive risk to his health or safety or that he was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. The Court found that Plaintiff's claims suggest, at most, negligence, and are subject to dismissal. Plaintiff has failed to cure this deficiency and his Eighth Amendment claim against Defendant Alexander in Count II must be dismissed.

Plaintiff's claims in Counts III through VI are against Defendants Hall, Geist and Richards, and are based on Plaintiff's dissatisfaction with the grievance process and his claims that these defendants failed to properly respond to his grievances. The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.") (citations omitted); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("Whatever knowledge Roberts may have had when he denied the appeal, his only involvement was to deny the grievance appeal, which is insufficient for § 1983 liability.").

In the MOSC, the Court found that Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–

24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are dismissed for failure to state a claim.

The Court also found in the MOSC that the proper processing of Plaintiff's excessive force claim against Defendant Voigts in Count I cannot be achieved without additional information from appropriate officials of the FCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the FCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claim under 28 U.S.C. § 1915. The Franklin County Sheriff has filed a Motion for Extension of Time to File *Martinez* Report (Doc. 10), seeking a 60-day extension of time. For good cause shown, the Court grants the motion.

**IT IS THEREFORE ORDERED THAT** the Franklin County Sheriff's Motion for Extension of Time to File *Martinez* Report (Doc. 10) is **granted.**

**IT IS FURTHER ORDERED** that the time for filing the *Martinez* Report as ordered at Doc. 7, is extended to **April 3, 2020.**

**IT IS FURTHER ORDERED** that Counts II, III, IV, V, and VI of Plaintiff's Complaint, and Defendants Alexander, Hall, Geist and Richards, are **dismissed.**

**IT IS SO ORDERED**.

**Dated February 4, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**