IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PHILIP J. GUYLE, JR.,**

    **Plaintiff,**

    v.                                                                        **CASE NO. 19-3176-SAC**

**(FNU) VOIGTS, et al.,**

    **Defendants.**

**ORDER**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. On December 3, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), finding that the proper processing of Plaintiff's excessive force claim against Defendant Voigts in Count I cannot be achieved without additional information from appropriate officials of the Franklin County Jail ("FCJ"). Accordingly, the Court ordered the appropriate officials of the FCJ to prepare and file a *Martinez* Report. The *Martinez* Report was filed on April 17, 2020 (Doc. 15), and Defendant's Answer was filed on May 18, 2020 (Doc. 23). This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 22).

Plaintiff sets forth his unsuccessful attempts to obtain counsel and states that he needs help with his case. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461

F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 22) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated May 19, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge